**SUMMONS ISSUED** FILED CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 12 3752**

-----------------------------------------------------------

KENDELL SOLOMON,

                Plaintiff,

      -against-

Police Officer MICHAEL WALSH, Shield No. 17054; Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.

----------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

**ROSS, J.**

**POLLAK, M.J**

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Kendell Solomon ("plaintiff" or "Mr. Solomon") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Michael Walsh, Shield No. 17054 ("Walsh"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Walsh is sued in his individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 10:00 p.m. on March 23, 2012, plaintiff was lawfully in the vicinity of 3028 West 29th Street in Brooklyn, New York.

12. Individuals unknown to plaintiff were pursuing him.

13. The unknown individuals coming up behind plaintiff said they were police officers and ordered plaintiff to stop.

14. Realizing for the first time that the individuals pursuing him were police officers, plaintiff stopped, put his hands up and surrendered himself.

15. Plaintiff was then violently tackled by defendants.

16. Defendant officers slammed plaintiff's face into the ground.

17. Defendants proceeded to brutally assault plaintiff.

18. Defendants screamed profanities at plaintiff as they kneed him in his back and side, violently pinning him to the ground.

19. A third officer ran toward plaintiff as he lay pinned on the ground and kicked him squarely in his face.

20. At no time did Mr. Kendall strike or assault any officer.

21. Plaintiff was taken to a police precinct.

22. Plaintiff was taken to Coney Island Hospital for treatment to the injuries he sustained from the officers' assault.

23. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was suffered emotional distress, mental anguish, fear, pain and bodily injury.

## FIRST CLAIM
### Unreasonable Force

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

26. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Failure to Intervene

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

29. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   July 30, 2012
         New York, New York

                                   HARVIS MARINELLI
                                   SALEEM & WRIGHT LLP


                                   _____
                                   Robert Marinelli
                                   305 Broadway, 14th Floor
                                   New York, New York 10007
                                   (212) 323-6880
                                   rmarinelli@hmswlaw.com
                                   *Attorney for plaintiff*